**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1404
_____

GOLDA D. HARRIS,
and those similarly situated,
                                                            Appellant

v.

CREDIT ACCEPTANCE CORPORATION;
JOHN DOE; CEO BRETT ROBERTS

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-21-cv-12986)
District Judge:  Honorable Zahid N. Quraishi

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 1, 2022

Before: RESTREPO, PHIPPS and RENDELL, Circuit Judges

(Opinion filed: September 28, 2022)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Golda Harris appeals pro se from the order of the United States District Court for the District of New Jersey dismissing her complaint with prejudice and compelling arbitration. We will affirm the District Court's Judgment.

I.

In 2020, Harris entered into a contract to purchase and finance a used vehicle from Best Cars R Us, LLC (Dealer) in New Jersey. Harris and her sister, who co-signed her loan, signed the contract electronically and physically signed a form indicating that they had an opportunity to read the contract before signing. The contract contained an "agreement to arbitrate" clause allowing the parties to arbitrate any dispute arising out of or related to the contract. It also included a provision allowing Harris to reject the arbitration clause within 30 days of the contract's execution. Upon signing, the Dealer assigned the contract to Credit Acceptance Corporation ("CAC"), an entity incorporated in Michigan.

Within the same month that Harris executed the contract, she filed a demand for arbitration seeking to remove her sister's name from the loan agreement. She noted in the demand, however, that she had elected to reject the arbitration clause. Approximately one week later, Harris mailed CAC a letter rejecting the arbitration clause. In April 2021, Harris filed a motion to dismiss her own arbitration demand; the arbitrator directed Harris to commence a judicial action seeking a declaratory judgment as to the enforceability of the arbitration clause and stayed the proceedings.

Harris later filed a complaint against defendants in the New Jersey Superior Court, seeking not a declaratory judgment but damages for violations of the federal Racketeer Influenced and Corrupt Organization Act ("RICO"), the Equal Credit Opportunity Act, the Truth in Lending Act, and New Jersey consumer protection statutes. Defendants removed the action to the District Court pursuant to 28 U.S.C. § 1441, and Harris moved to remand the case to state court based on lack of subject matter jurisdiction. The District Court denied the motion to remand, granted defendants' motion to compel arbitration, and dismissed the complaint with prejudice. Harris timely appealed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. "We exercise plenary review over questions regarding the validity and enforceability of an agreement to arbitrate." Puelo v. Chase Bank USA, N.A., 605 F.3d 172, 177 (3d Cir. 2010). We construe Harris's pro se filings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## III.

First, we agree with the District Court's denial of Harris's motion to remand the action to state court. Defendants timely removed the action under 28 U.S.C. § 1441, and the District Court exercised federal question jurisdiction over Harris's federal statutory claims and supplemental jurisdiction over her state law claims. See 28 U.S.C. §§ 1331, 1367.

Inasmuch as this arbitrability dispute relates to a transaction involving interstate commerce by virtue of Harris's agreement to make payments to assignee CAC, it is governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq. ("FAA"). "Before compelling a party to arbitrate pursuant to the [Federal Arbitration Act ("FAA")], a court must determine that (1) there is an agreement to arbitrate and (2) the dispute at issue falls within the scope of that agreement." Century Indem. Co. v. Certain Underwriters at Lloyd's, London, 584 F.3d 513, 523 (3rd Cir. 2009). Contrary to Harris's contention, the District Court properly reviewed the motion to compel under the Rule 12(b)(6) motion to dismiss standard without allowing discovery because the affirmative defense of arbitrability of the claims is apparent from the face of the complaint and attached documents. See Guidotti v. Legal Helpers Debt Resolution, LLC, 716 F.3d 764, 773-74 (3d Cir. 2013).

We agree with the District Court's conclusion that the arbitration clause is valid and enforceable. See Jaludi v. Citigroup, 933 F.3d 246, 254 (3d Cir. 2019) (holding that state law must be applied to determine the validity of an arbitration clause). Harris's allegation that the contract and the agreement to arbitrate were induced by fraud is without factual support. The arbitration clause appears clearly and conspicuously in the contract and the complaint itself indicates that Harris was presented with a physical copy of the contract to review before she electronically signed it. See Skuse v. Pfizer, Inc., 236 A.3d 939, 952 (N.J. 2020) (noting that "as a general rule, one who does not choose to read a contract before signing it cannot later relieve [her]self of its burdens") (alteration

4

and internal quotation marks omitted).  Further, this dispute falls squarely within the agreement's scope.  See In re Prudential Ins. Co., 133 F.3d 225, 231 (3d Cir. 1998) (stating that "when it cannot be said 'with positive assurance' that the parties have clearly and unequivocally excepted a certain dispute from arbitration, the court must compel arbitration.").  Although Harris eventually attempted to reject arbitration, she had already invoked arbitration by filing a demand, and her rejection did not conform to the terms of the contract because it was not signed by both Harris and her sister, as co-buyers.

For these reasons, we will affirm the District Court's Judgment.